# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RONALD MARTINEZ,<br>CDC #T-86494,<br><br>                          Plaintiff,<br>       vs.<br>L.E. SCRIBNER, et al.,<br>                         Defendant. | Civil No.   06-2613 JAH (CAB)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |
|---|---|

## I.  Procedural History

On November 22, 2006, Plaintiff, an inmate currently incarcerated at Salinas Valley State Prison in Soledad, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1]

On February 20, 2007, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2(b)(ii) & 1915A(b)(1).  *See* Feb. 20, 2007 Order at 6-7. The Court granted Plaintiff leave to file a First Amended Complaint correcting the deficiencies of pleading

---

[1] The proceedings were assigned to this Court, but have been referred to Magistrate Judge Cathy Ann Bencivengo by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636.  *See Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001).

noted in the Court's Order. *Id.* On April 11, 2007, Plaintiff filed his First Amended Complaint [Doc. No. 8]. The Court, once again, sua sponte screened Plaintiff's First Amended Complaint and found that it contained similar deficiencies that were found in Plaintiff's original Complaint. *See* June 11, 2007 at 3-4. Specifically, the Court informed Plaintiff that in order to demonstrate a liberty interest under the Due Process Clause of the Fourteenth Amendment, he must allege sufficient facts to show that a change in confinement imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 4 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff filed a Second Amended Complaint on July 9, 2007, and the Court now finds that he has corrected the deficiencies previously identified.

## II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Here, the Court finds that the Second Amended Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). However, Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

### III.  Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The United States Marshal shall serve a copy of the **Second Amended Complaint** and summons upon Defendants as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

2. Defendants are thereafter **ORDERED** to reply to the Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other

1 correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED:   August 14, 2007

_____
HON. JOHN A. HOUSTON
United States District Judge